IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY JAMES CARR,

                   Petitioner,

v.

WISCONSIN STATE PROBATION DEPARTMENT,

                   Respondent.

OPINION & ORDER

18-cv-434-jdp

---

Timothy James Carr, a prisoner at the Federal Correctional Institution in Greenville, Illinois, is serving a sentence for violation of federal drug laws, but the proposed lawsuit he has filed concerns his state-court conviction in La Crosse County Case Number 2003CF421. Carr has filed a document titled "Gagnon motion for revocation demand of: probation hearing," Dkt. 1, that is difficult to understand, but in which he asks for this court to order the state to hold a probation revocation hearing in his state-court case.

It is unclear whether Carr believes that he has been incorrectly revoked without a hearing or that he believes that he should be allowed to serve his revoked sentence concurrently to his current federal sentence. Either way, I take him to be saying that incarceration has been prolonged by constitutional errors in his revocation proceedings. Accordingly, I intend to construe this action as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

But I will hold off on doing so until Carr agrees that this is the type of proceeding he intends to pursue. Federal statutes contain a strict limit on the number of petitions an inmate may file, and re-characterizing the petition may make it significantly more difficult for a litigant to file another petition later. *Castro v. United States*, 540 U.S. 375, 382–83 (2003); 28 U.S.C. § 2244(b)(1) (claim presented in second or successive § 2254 application that was presented

in prior application shall be dismissed). So I will give him a short time to respond to the court by saying that he indeed intends to seek habeas relief, or explain what other type of relief he seeks otherwise.

Even if he chooses the habeas route, I cannot review the petition without Carr better explaining how be believes that the state has violated his rights. Under Rule 2(c) of the Rules Governing Section 2254 Cases, a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." This requirement is more demanding than what is required under Federal Rule of Civil Procedure 8. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). The purpose of this rule "is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id*. at 656 (quoting 28 U.S.C. § 2243). Carr's current allegations are too vague to fully understand what claims is he trying to bring. I will direct the clerk of court to attach a § 2254 petition packet to this order so that Carr can re-plead his allegations in a more understandable way. I will give him a short time to submit his amended petition, or I will dismiss the case for his failure to comply with the habeas rules.

Finally, I cannot review the petition before Carr either pays the $5 filing fee for a habeas action or he is granted *in forma pauperis* status. Included with the § 2254 packet is a motion for leave to proceed *in forma pauperis*. If Carr cannot pay the $5 filing fee, he should fill out that motion and submit a copy of his prison trust fund account for the last six months.

ORDER

IT IS ORDERED that petitioner Timothy James Carr may have until July 12, 2018, to submit an amended petition for writ of habeas corpus, and the $5 filing fee or a motion for leave to proceed *in forma pauperis*, as discussed in the opinion above.

Entered June 21, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge