IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY JAMES CARR,

                         Petitioner,

    v.                                                       ORDER

WISCONSIN STATE PROBATION DEPARTMENT,            18-cv-434-jdp

                         Respondent.

---

        In an order entered on June 21, 2018, I directed pro se petitioner Timothy James Carr to submit an amended petition for writ of habeas corpus and either the $5 filing fee or a motion for leave to proceed *in forma pauperis* after concluding that Carr's original petition made only vague allegations that did not comply with the Rules Governing Section 2254 Cases. Dkt. 2. I gave Carr until July 12, 2018, to submit an amended habeas petition addressing the deficiencies outlined in the June 21 order. In addition, I warned Carr that his failure to respond would result in dismissal of this case for his failure to comply with the habeas rules.

        It is now past Carr's deadline, and he has not filed an amended petition or otherwise responded to the court's order. Accordingly, I will dismiss the case. This dismissal is without prejudice to him refiling a habeas petition about the same sentence.

        Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one—reasonable jurists would not debate whether Carr is entitled to relief under § 2254. Therefore, I will not issue him a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice.

2. The clerk of court is directed to enter judgment for respondent and close this case.

3. Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered August 14, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge